```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
AGNES C. SIDES,
                                            Civil Action No:
                                            08-CIV-5512(RPP)
                 Plaintiff,
                                            NOTICE OF REMOVAL
       -against-
                                            New York County
TARGET CORPORATION,                         Index No. 106417/08

                 Defendant-Petitioner.
------------------------------------------X
```

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Defendant-Petitioner, TARGET CORPORATION, ("Petitioner"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., Steven D. Jannace of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1. In May, 2008, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of New York.  A trial has not yet been had therein.  A copy of the Summons and Complaint is annexed as Exhibit A.  Petitioner has not yet served an answer to Plaintiff's Complaint.

2. The action seeks monetary damages for injuries allegedly suffered by plaintiff, Agnes C. Sides, allegedly as the result of Agnes C. Sides being in Petitioner's store.  The plaintiff's complaint sounds in negligence.

3. The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York; and (b) Petitioner is now, and was at the time the

action was commenced, a corporation incorporated in the State of Minnesota with its principal place of business in the State of Minnesota.

4. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between Petitioner and Plaintiff. Upon information and belief, the amount in controversy exceeds $75,000.

5. This Notice of Removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Complaint.

6. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

7. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of New York promptly after the filing of this Notice.

8. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

9. By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of New York, be removed therefrom to this Court.

Dated:    Syosset, New York
          June 19, 2008

                              SIMMONS, JANNACE & STAGG, L.L.P.
                              Attorneys for Defendant


                              By:   /s/Steven D. Jannace
                                   Steven D. Jannace (sj-9811)
                                   **Office & P.O. Address**
                                   75 Jackson Avenue
                                   Syosset, New York  11791

TO:   Steven B. Ewall, Esq.
      Ewall & Ewall, Esqs.
      Attorneys for Plaintiff
      **Office & P.O. Address:**
      946 Park Avenue
      Huntington, New York 11743-4548


f:davidb\clients\kma\nelson\notice.rem

**Exhibit A**

Supreme Court of the State of New York
County of New York

Agnes C. Sides,

                                                                      *Plaintiff(s),*

-against-

Target Corporation,

                                                                      *Defendant(s).*

Index # 08- 106417
Date Filed: 05/08/2008

Plaintiff(s) designate(s)
New York
County as the place of trial.

The basis of venue is residence of a party.

# Summons

Plaintiff(s) reside(s) at
710 Lanett Avenue, 1st Floor
Far Rockaway, New York 11691
County of Queens

To the above named Defendant(s)

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, April 10, 2008

NEW YORK
COUNTY CLERK'S OFFICE

MAY 08 2008

NOT COMPARED
WITH COPY FILE

Defendant's address:
c/o C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

Steven B. Ewall, Esq.
Ewall & Ewall, Esqs.
Attorney(s) for Plaintiff

Office and Post Office Address
946 Park Avenue
Huntington, New York 11743-4548

**Notice:** The nature of this action is in negligence for personal injuries.

The relief sought is:    an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

Upon your failure to appear, judgment will be taken against you for default for an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction with interest from August 20, 2007 and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

AGNES C. SIDES,

                              *Plaintiff(s)*,

          -*against*-

TARGET CORPORATION,

                            *Defendant(s)*.

VERIFIED COMPLAINT

Index #08/ 106417

      Plaintiff, by his/her attorneys Ewall & Ewall, Esqs. complaining of the defendants, upon information and belief, alleges as follows:

1.    That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Queens, City and State of New York.

2.    At all times hereinafter mentioned, defendant Target Corporation was and still is a foreign corporation duly authorized to transact business within State of New York, with a principal place of business within the State located in the County of New York, City and State of New York.

3.    On information and belief that the defendant Target Corporation is and at all times hereinafter mentioned was the proprietor of a certain store known as the Target store located at 500 West Sunrise Highway, Valley Stream, County of Nassau, State of New York.

4.    On information and belief that the defendant Target Corporation is and at all the times hereinafter mentioned was the lessee and in possession of the premises comprising the Target

store located at 500 West Sunrise Highway, Valley Stream, County of Nassau, State of New York.

5. On information and belief that at all the times hereinafter mentioned the defendant Target Corporation controlled aforesaid Target Store located at 500 West Sunrise Highway, Valley Stream, County of Nassau, State of New York and its appurtenances.

6. On information and belief that at all the times hereinafter mentioned the defendant Target Corporation invited the public to enter the aforesaid Target store for the purpose of purchasing consumer goods and household items therein.

7. That on or about Monday, the 20th day of August, 2007, plaintiff entered and was in defendant's Target Store located at 500 West Sunrise Highway, Valley Stream, County of Nassau, State of New York.

8. That on that date plaintiff was in defendant's aforesaid Target store for the purpose of shopping for and purchasing consumer goods and other items by her from the defendants.

9. That on that date plaintiff was in defendant's Target Store located at 500 West Sunrise Highway, Valley Stream, County of Nassau, State of New York as a business visitor and invitee of the defendant.

10. That on that date in the Target Store located at 500 West Sunrise Highway, Valley Stream, County of Nassau, State of New York plaintiff was caused to fall and be precipitated to the floor.

11. That by reason of the foregoing plaintiff sustained personal injuries.

12. That the accident and the injuries sustained by plaintiff were caused by reason of the negligence, carelessness, and recklessness of defendant, its servants, agents, and employees in causing and permitting a dangerous condition to exist in the Target Store located at 500 West Sunrise Highway, Valley Stream, County of Nassau, State of New York; in maintaining the condition so that it constituted a nuisance and a trap and a menace to safety of the members of the public in the store; in causing a foreign substance to be present on the floor of the store; in failing to prevent a foreign substance to be and remain on the floor of the premises; in failing to properly mop up or otherwise remove the foreign substance from the floor of the store; in failing to give any warning or notice of the condition, of the danger, and of the existence of the foreign substance which was on the floor; in failing to remove or otherwise remedy the dangerous condition existing on the floor of the premises; in maintaining a trap; in causing and creating the place to be rendered slippery and wet by a foreign substance and permitting the dangerous condition, of which defendant knew or in the exercise of reasonable care should have known, to remain; in failing to remedy the condition; in causing plaintiff to fall; in failing to use due care and caution under the circumstances; and in failing to guard against a danger which defendant should have anticipated; defendant had actual and constructive notice of the conditions.

13. That the said accident and the injuries and damages to the plaintiff(s) resulting therefrom were caused solely by the negligence, gross negligence and recklessness of the defendant(s) without any negligence on the part of the plaintiff(s) contributing thereto.

14. That solely by reason of the accident and negligence of the defendants as aforesaid, plaintiff Agnes C. Sides became sick, sore, lame and disabled and so remains and suffers great physical and mental pains. He/she sustained severe injuries in and about his/her head, body and limbs and was and in the future will be obliged to expend large sums of money and incur large debts for medical and nursing care. He/She has been unable to attend to his/her usual occupation and duties and has been informed and believes his/her injuries to be permanent in nature.

15. That the limitations on liability set forth in Article 16 of the *New York Civil Practice Law and Rules* do not apply because one or more of the exemptions set forth in *New York Civil Practice Law and Rules §1602* is applicable.

16. That by reason of the foregoing, plaintiff Agnes C. Sides has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff Agnes C. Sides demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction in the, all together with the costs and disbursements of this action.

Dated: Huntington, New York
April 10, 2008

Yours etc.



Steven B. Ewall

STATE OF NEW YORK, COUNTY OF SUFFOLK
I, the undersigned, an attorney admitted to practice in the courts of New York State, certify that the within
has been compared by me with the original and found to be a true and complete copy.

Dated:

_____
Steven B. Ewall

STATE OF NEW YORK, COUNTY OF SUFFOLK
I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am
the attorney of record for the plaintiff(s) in the within action; I have read the foregoing          and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff(s) is because plaintiff resides in a different county than that in which their attorney's office is located.
The grounds of my belief as to all matters not stated upon my own knowledge are my investigations and review of documents contained in my file.

Dated:

_____
Steven B. Ewall

STATE OF NEW YORK, COUNTY OF SUFFOLK         ss:

I, the undersigned, being duly sworn, depose and say: I am   the plaintiff
in the action; I have read the foregoing   Complaint
and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

Sworn to before me on 4/23/08

STEVEN BENNET EWALL
Notary Public, State of New York
No. 02EW4833847
Qualified in Suffolk County
Commission Expires April 30, 20__

Agnes C. Sides

AFFIRMATION OF SERVICE

STATE OF NEW YORK, COUNTY OF SUFFOLK    ss:

Steven B. Ewall, an attorney licensed to practice in the state of New York duly affirms that the following is true to the best of his knowledge, information and belief, under penalty of perjury: I am an attorney duly licensed to practice in the state of New York, I am not a party to the action, am over 18 years of age and reside at 3 Target Rock Drive, Huntington, New York 11743.
On                  I served the within
by mailing a copy to each of the following persons at the last known address set forth after each name below.

Dated: Huntington, New York

_____
Steven B. Ewall

Supreme Court of the State of New York

County of New York                                    Index No.          Year    2008

| Agnes C. Sides, |
| |
| *Plaintiff(s),* |
| -against- |
| Target Corporation, |
| |
| *Defendant(s).* |

SUMMONS AND
VERIFIED COMPLAINT

EWALL & EWALL
*Attorneys for Plaintiff(s)*
*Office and Post Office Address and Telephone*
946 PARK AVENUE
HUNTINGTON, NEW YORK 11743-4548
(631) 547-1500

PLEASE TAKE NOTICE:

[ ] NOTICE OF ENTRY
that the within is a (certified) true copy of an Order duly entered in the office of the clerk of the within named court on                 , 20    .

[ ] NOTICE OF SETTLEMENT
that an order                                of which the within is a true copy will be presented
to the Hon.                                  one of the justices of the within named Court, at
                              on                 , 20    , at 9:30 am.

Dated:

Yours etc.
EWALL & EWALL